



**PRINTZ FINANCIAL GROUP**



RECEIVED
JAN 31 2011
By _____

P.O.Box 3924
Wilmington, DE 19807
302.777.7789
Fax 302.689.4700
www.printzglobal.com

Jan 10, 2011

Michael E. Kunz
Office of Clerk of the Courts
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106-1797

Civil Action No. 10-7379

Representing the following defendants:

PCM Global Holdings
Printz Capital Management
PFG, Inc.

I deny all allegations listed in above Civil Action 10-7379. In addition, I represent the following counter claims:

a. **Material facts Ignored:** In order to repair it's damaged reputation with the public, the SEC chose to ignore material facts presented by defendant's counsel in relation to civil order 10-7379 regarding Pershing Advisor Solutions, a Bank of New York company.

b. **1. Distorting Process and Procedure:** The SEC's Division of Enforcement, in an attempt to distort the normal Wells Notice process, ignored the defendant's request for an extension in respond to the pre Wells notice, while defendant's father was in I.C.U. for 35 days in Pittsburgh, PA. **OIG Report: 114802368**

**2. PFG was asked to suspend REG D filing:** The SEC Enforcement Staff asked that Printz Financial Group Inc. suspend its REG D filing, and then used the very cooperation against the firm for not filing. At the time of the investigation, PFG had filed with the SEC, through its transfer agent, for all of its appropriate access codes for the EDGAR system. These codes were turned over to the Division of Enforcement during the document review process.

c. **Lack of Procedure for Small Business:** The SEC's Enforcement Division demonstrated a clear lack of knowledge and understanding of small business operations. It was clear that the assigned counsel was not matched up appropriately. Additionally, the SEC's Enforcement Staff did not timely complete administrative tasks associated with the investigation; as a result the SEC impaired the ability and right of a small business to operate during the investigative process.

d. **Improper Verification of Initial Claim:** The SEC's Enforcement Division chose to ignore counsel's claim that Pershing Advisor Solutions was aware of outside investments and may have even perjured themselves in order to push a case into the hands of Enforcement Staff. The SEC's Enforcement Staff allowed the investigation to continue without thoroughly questioning Pershing Advisor Solutions about its own investigative process. Defendant's counsel produced paperwork that refuted Pershing Advisor Solutions's initial inquiry.

e. **Enforcement Staff did not Adequately Evaluate Additional Information Received:** The SEC's Division of Enforcement chose to ignore additional information provided that showed an illegal purposeful trade put in the defendant's brokerage account by Pershing Advisor Solutions. Pershing Advisor Solutions proprietary trading desk misused private information from customers to place trades on its own behalf. This particular trade "coat tailing" resulted in a profit to their firm of $3.5 million dollars. A central part of the investigation was not analyzed. Motivation has now been established.
**Ludlum vs. Pershing Advisor Solutions FINRA Mediation.**

f. **Pershing Advisor Solutions connection to Madoff and Stanford:** The SEC's Division of Enforcement failed to thoroughly review the audit procedures of Pershing Advisor Solutions. Pershing Advisor Solutions had exposure to both Madoff and Stanford. Internal documents sent to brokerage clients by Pershing Advisor Solutions, revealed exposure to both Madoff and Stanford. Both the SEC and Pershing Advisor Solutions were both motivated by their damaged public images and may have collaborated.

g. **Conflict of Interest:/Lack of Impartiality:** SEC Enforcement staff showed impartiality and preferential treatment in performance of official duties. The SEC's Enforcement Staff did not adequately research the impartiality and conflict associated with receiving an inquiry from a TARP recipient entity. Impartiality should have been established, especially in light that the government and Bank of New York had a working business relationship in which both benefited financially. It should be noted that the Bank of New York, a holding company for Pershing Advisor Solutions, is a business partner of the Federal Government and received TARP Bailout funds. The U.S. Government also benefited financially from the TARP monies loaned to Bank of NY. This is a matter of public record.
**OIG Report: 114832235**

We are seeking the SEC to drop this Civil Action until these counter claims and OIG reports are investigated. In addition, the above FINRA mediation may lead to a civil suit against Pershing Advisor Solutions and Bank of New York; subsequently we ask that any further action be suspended until we receive a FINRA decision.

Respectfully Submitted,

Alfred Clay Ludlum, III
President

P.O.Box 3924  
Wilmington, DE  19807

Jan 10, 2011

Michael E. Kunz  
Office of Clerk of the Courts  
United States District Court  
Eastern District of Pennsylvania  
601 Market Street  
Philadelphia, PA  19106-1797

Civil Action No. 10-7379

I deny all allegations listed in above Civil Action 10-7379. In addition, I represent the following counter claims:

a. **Material facts Ignored**: In order to repair it's damaged reputation with the public, the SEC chose to ignore material facts presented by defendant's counsel in relation to civil order 10-7379 regarding Pershing Advisor Solutions, a Bank of New York company.

b. **1. Distorting Process and Procedure:** The SEC's Division of Enforcement, in an attempt to distort the normal Wells Notice process, ignored the defendant's request for an extension in respond to the pre Wells notice, while defendant's father was in I.C.U. for 35 days in Pittsburgh, PA. **OIG Report: 114802368**

   **2. PFG was asked to suspend REG D filing:** The SEC Enforcement Staff asked that Printz Financial Group Inc. suspend its REG D filing, and then used the very cooperation against the firm for not filing. At the time of the investigation, PFG had filed with the SEC, through its transfer agent, for all of its appropriate access codes for the EDGAR system. These codes were turned over to the Division of Enforcement during the document review process.

c. **Lack of Procedure for Small Business:**  The SEC's Enforcement Division demonstrated a clear lack of knowledge and understanding of small business operations. It was clear that the assigned counsel was not matched up appropriately. Additionally, the SEC's Enforcement Staff did not timely complete administrative tasks associated with the investigation; as a result the SEC impaired the ability and right of a small business to operate during the investigative process.

d. **Improper Verification of Initial Claim:** The SEC's Enforcement Division chose to ignore counsel's claim that Pershing Advisor Solutions was aware of outside investments and may have even perjured themselves in order to push a case into the hands of Enforcement Staff.  The SEC's Enforcement Staff allowed the

investigation to continue without thoroughly questioning Pershing Advisor Solutions about its own investigative process. Defendant's counsel produced paperwork that refuted Pershing Advisor Solutions's initial inquiry.

e. **Enforcement Staff did not Adequately Evaluate Additional Information Received:** The SEC's Division of Enforcement chose to ignore additional information provided that showed an illegal purposeful trade put in the defendant's brokerage account by Pershing Advisor Solutions. Pershing Advisor Solutions proprietary trading desk misused private information from customers to place trades on its own behalf. This particular trade "coat tailing" resulted in a profit to their firm of $3.5 million dollars. A central part of the investigation was not analyzed. Motivation has now been established.
**Ludlum vs. Pershing Advisor Solutions FINRA Mediation.**

f. **Pershing Advisor Solutions connection to Madoff and Stanford:** The SEC's Division of Enforcement failed to thoroughly review the audit procedures of Pershing Advisor Solutions. Pershing Advisor Solutions had exposure to both Madoff and Stanford. Internal documents sent to brokerage clients by Pershing Advisor Solutions, revealed exposure to both Madoff and Stanford. Both the SEC and Pershing Advisor Solutions were both motivated by their damaged public images and may have collaborated.

g. **Conflict of Interest:/Lack of Impartiality:** SEC Enforcement staff showed impartiality and preferential treatment in performance of official duties. The SEC's Enforcement Staff did not adequately research the impartiality and conflict associated with receiving an inquiry from a TARP recipient entity. Impartiality should have been established, especially in light that the government and Bank of New York had a working business relationship in which both benefited financially. It should be noted that the Bank of New York, a holding company for Pershing Advisor Solutions, is a business partner of the Federal Government and received TARP Bailout funds. The U.S. Government also benefited financially from the TARP monies loaned to Bank of NY. This is a matter of public record.
**OIG Report: 114832235**

We are seeking the SEC to drop this Civil Action until these counter claims and OIG reports are investigated. In addition, the above FINRA mediation may lead to a civil suit against Pershing Advisor Solutions and Bank of New York; subsequently we ask that any further action be suspended until we receive a FINRA decision.

Respectfully Submitted,

*[signature]*

Alfred Clay Ludlum, III