IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** : | **CIVIL ACTION** | |
| Plaintiff, : | | |
| : | | |
| v. : | No. 10-7379 | |
| : | | |
| **ALFRED CLAY LUDLUM, III,** : | | |
| **PRINTZ CAPITAL MANAGEMENT, LLC,** : | | |
| **PRINTZ FINANCIAL GROUP, INC.,** : | | |
| and **PCM GLOBAL HOLDINGS, LLC,** : | | |
| Defendants. : | | |
| : | | |

## ORDER

**AND NOW**, this 15th day of March, 2011, upon consideration of "Plaintiff Securities and Exchange Commission's Motion and Incorporated Memorandum of Law in Support of Its Motion for Final Judgment by Default as to Permanent Injunctive Relief and Remedies Against Defendants Printz Capital Management, LLC, Printz Financial Group, Inc., and PCM Global Holdings, LLC," (doc. no. 13), and the lack of opposition thereto, this Court finds that:

1) The complaint against the above-named Defendants was filed on December 20, 2010.

2) The Clerk of Court entered a default against Printz Capital Management, LLC, Printz Financial Group, Inc., and PCM Global Holdings, LLC, on January 31, 2011.

3) Plaintiff filed a motion for default judgment on February 14, 2011.

4) Plaintiff filed a certificate of service on February 24, 2011, in conjunction with its motion for default judgment certifying that service of the motion for default judgment was made upon Printz Capital Management, LLC, Printz Financial Group, Inc., and PCM Global Holdings, LLC, via first class mail.

5)   The deadline for Printz Capital Management, LLC, Printz Financial Group, Inc., and PCM Global Holdings, LLC, to respond to Plaintiff's motion for default judgment was March 14, 2011, and as of the date of this Order, the Court has received no response or opposition to Plaintiff's motion.

**WHEREFORE,** it is hereby **ORDERED** that Plaintiff's motion for default judgment (doc. no. 13) is **GRANTED**. It is further **ORDERED** that Plaintiff is awarded the following monetary relief:

6)   Pursuant to Plaintiff's "Declaration of Devon Leppink Staren," and Section 20(d)(2)(C) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(d)(2)(C)], Section 21(d)(3) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-9], the Court awards Plaintiff $1,521,051.00, which consists of the following:

   a)   $735,617.00 in disgorgement;

   b)   $49,817.00 in prejudgment interest; and

   c)   $735,617.00 as a civil penalty.

7)   Defendants are jointly and severally liable for this obligation and shall satisfy it by paying $1,521,051.00 within fourteen days after the entry of this Order with the Clerk of Court, together with a cover letter identifying Printz Capital Management, LLC, Printz Financial Group, Inc., and PCM Global Holdings, LLC, as Defendants in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Order. Defendants

shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendants shall relinquish all legal and equitable rights, title, and interest in such funds, and no part of the funds shall be returned to Defendants. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

8) The Clerk of Court shall deposit the funds into an interest bearing account with the Court Registry Investment System or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively "the Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

9) The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Order shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or

reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payments of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Order. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**WHEREFORE**, it is further **ORDERED** that Plaintiff is awarded the following injunctive relief:

10) Pursuant to Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], Defendants Printz Capital Management, LLC, Printz Financial Group, Inc., and PCM Global Holdings, LLC, and all of Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating,

       directly or indirectly, the above statute and rule, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    a)     to employ any device, scheme, or artifice to defraud;

    b)     to make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

11)     Pursuant to Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Defendants Printz Capital Management, LLC, Printz Financial Group, Inc., and PCM Global Holdings, LLC, and all of Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating the above statute in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    a)     to employ any device, scheme, or artifice to defraud;

    b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

        c)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

12) Pursuant to Section 5 of the Securities Act [15 U.S.C. §§ 77e(a) and 77(e)(c)] by, Defendants Printz Capital Management, LLC, Printz Financial Group, Inc., and PCM Global Holdings, LLC, and all of Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating the above statute, directly or indirectly, in the absence of any applicable exemption:

        a)      unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

        b)      unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

        c)      making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop

    order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

13) Pursuant to Sections 206(1) and (2) of the Advisers Act [15 U.S.C. §80b-1], Defendant Printz Capital Management, LLC, its agents, servants, employees, attorneys, assigns and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, the above statute by using the mails or means or instrumentalities of interstate commerce:

  a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

  b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

14) Pursuant to Securities Act Rule 503(a) of Regulation D [17 C.F.R. § 230.503(a)], Defendant Printz Financial Group, Inc., its agents, servants, employees, attorneys, assigns and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating the above statute by failing to file with the Commission a notice of notice of sales containing information required by Form D [17 C.F.R. § 239.500] for each new offering of securities made in reliance on Securities Act Rules 504, 505, or 506 [17 C.F.R. §§ 230.504, 230.505, or 230.506] within fifteen calendar days after the first sale of securities in the offering.

15) Pursuant to Section 203 of the Advisers Act [15 U.S.C. § 80b-3], Defendant Printz Capital Management, LLC, its agents, servants, employees, attorneys, assigns and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating the above statute by registering and remaining registered with the Commission as an investment adviser when it had assets under management less than $25,000,000.00 and was not an adviser to a registered investment company.

16) Pursuant to Section 207 of the Advisers Act [15 U.S.C. § 80b-7], Defendant Printz Capital Management, LLC, its agents, servants, employees, attorneys, assigns and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating the above statute by willfully making untrue statements of material fact in Forms ADV filed with the Commission, or by willfully omitting to state in such Forms ADV material facts required to be stated therein.

17) Pursuant to Section 204 of the Advisers Act [15 U.S.C. § 80b-4], Defendant Printz Capital Management, LLC, its agents, servants, employees, attorneys, assigns and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating the above statute by, while acting as an investment adviser using the mails or the means or instrumentalities of interstate commerce in connection with its business as an investment adviser, failing to furnish to the Commission staff copies of all records required to be kept pursuant to Advisors Act Rule 204-2 [17 C.F.R. §

275.204-2].

**WHEREFORE**, it is further **ORDERED** that judgment is entered in favor of Plaintiff and against Defendants Printz Capital Management, LLC, Printz Financial Group, Inc., and PCM Global Holdings, LLC. It is further **ORDERED** that this Court retains jurisdiction over this matter for all purposes, including the implementation and enforcement of this Order.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**

_____
**Mitchell S. Goldberg, J.**